UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Malibu Media LLC,

        Plaintiff,

–v–

John Doe subscriber assigned IP address 72.227.171.249,

        Defendant.

18-CV-10955 (AJN)

AMENDED MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Malibu Media LLC ("Malibu") now moves *ex parte*, pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to serve a third party subpoena prior to a Rule 26(f) conference. Specifically, Malibu seeks to serve a subpoena on Spectrum, an Internet Service Provider ("ISP"), in order to ascertain the identity of the John Doe defendant in this case, whose Internet Protocol ("IP") address has been associated with large-scale infringement of Malibu's copyrighted works. For the reasons below, the Plaintiff's motion is GRANTED.[1]

I.     **BACKGROUND**

Plaintiff Malibu Media operates an adult film website, X-art.com, which creates its own copyrighted film content. Malibu makes that content available to subscribers who pay either a monthly or annual fee. Pelissier Decl. ¶ 7. Such subscription fees constitute Plaintiff's primary source of revenue. *Id.* ¶ 8. Plaintiff believes it suffers serious economic

---

[1] Plaintiff's request in this case is for all intents and purposes identical to its request in a parallel case also before this Court, *Malibu Media LLC v. John Doe*, 15-CV-3147 (AJN) (S.D.N.Y. Apr. 21, 2015). Plaintiff's request was granted in that instance as well on grounds identical to those in this case. *See Malibu Media LLC v. John Doe*, 15-CV-3147 (AJN) (S.D.N.Y. May 13, 2015) (Dkt. No. 10).

1

harm because many of its copyrighted works are made available, illegally, for free download via file sharing platforms, including an internet protocol called BitTorrent. *Id.* ¶ 11.

As this Court explained in a factually similar case, BitTorrent software allows users to join together in "peer-to-peer" networks that allow them to download and make available for download large files. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Individual users may only download small pieces of the file at a time, and it may take days for an individual to download an entire file. *Id.* While downloading, the downloader is obligated to share with other users the portions of the file that he or she has already downloaded. *Id.* This group of interacting users is referred to as a "swarm." *Id.*

During the process of downloading these files, users expose their IP addresses to one another, which allows third parties to track and record the addresses participating in the illegal download. In this case, Plaintiff hired a German company, IPP International UG ("IPP"), to track IP addresses distributing and downloading Plaintiff's copyrighted works. Fieser Decl. ¶¶ 4-7. IPP used forensic software to scan BitTorrent file networks for the presence of transactions including Malibu's copyright. *Id.* ¶ 6. After analyzing the results of this scan, IPP was able to determine that John Doe's IP address had distributed pieces of Plaintiff's copyrighted work. *Id.* ¶¶ 9-11.

At this time, Plaintiff is only able to identify John Doe with reference to his or her IP address. Once supplied with the date and time of the alleged infringement, ISPs are able to use their subscriber logs to identify the particular individual associated with the IP address. Paige Decl. ¶¶ 13-15. Accordingly, Plaintiff now seeks leave to serve Spectrum in order to ascertain the identity of the alleged infringer in this case.

**II.  DISCUSSION**

### a. Legal Principles

Generally, Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." *See Malibu Media, LLC v. John Does 1-13,* 12-CV-1156 (JFB) (ETB), 2012 WL 1020243, at *1 (E.D.N.Y. Mar. 26, 2012). However, the Federal Rules also provide that a party may engage in discovery before such a conference pursuant to court order. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order.").

When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin,* 279 F.R.D. at 241 (quoting *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (Lynch, J.)); *see also Stern v. Cosby,* 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (Chin, J.); *accord* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011) ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").[2] Courts have also applied "particularly careful scrutiny" when plaintiffs seek expedited discovery on an *ex parte* basis. *Ayyash,* 233 F.R.D. at

---

[2] Courts in this district routinely find "good cause" for expedited discovery to determine the identity of John Doe defendants where a Plaintiff alleges a *prima facie* case and is otherwise unable to identify the Defendants without a court-ordered subpoena. *See, e.g., John Wiley & Sons, Inc. v. Doe Nos. 1-22,* Nos. 12-CV-4231, 12-CV-4232, 12-CV-4730 (PAC), 2013 WL 1091315, at *5 (S.D.N.Y. March 15, 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1-30,* 284 F.R.D. 185, 189-91 (S.D.N.Y. 2012); *Next Phase Distribution, Inc. v. Does 1-27,* 284 F.R.D. 165, 171-72 (S.D.N.Y. 2012); *Digital Sin,* 279 F.R.D. at 241-42; *Malibu Media, LLC v. Does 1-4,* No. 12-CV-2955 (PAE), 2012 WL 3104887, at *2 (S.D.N.Y. July 31, 2012); *Strike 3 Holdings, LLC v. Doe,* No. 18-CV-2651 (AJN), 2018 WL 2229124, at *2-3 (S.D.N.Y. Apr. 25, 2018); *Strike 3 Holdings, LLC v. Doe,* No. 18-CV-5590, 2018 WL 3756453, at *2-3 (S.D.N.Y. July 19, 2018).

327.

The Second Circuit has identified the "principal factors" for district courts to consider when determining whether discovery is appropriate at this juncture. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (*quoting Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) (Chin, J.)). These factors include (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means of obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy. *Arista Records*, 604 F.3d at 119. Application of these "principal factors" confirms that the Plaintiff is entitled to its subpoena.

### b. Analysis

Plaintiff has made out a *prima facie* claim of copyright infringement. "To make out a prima facie case of copyright infringement, a party must show (1) ownership of a valid copyright in the item and (2) unauthorized copying." *Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, LLC*, 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003)). Plaintiff's Complaint and its motion submissions plainly set out the copyrighted works at issue and provide comprehensive allegations regarding the manner by which the Defendant copied at least one of the various works, including the date and time of the infringement and the IP address and technology used to effect the copying. *See* Compl. ¶¶ 30-32 & Dkt. No. 1-2; Fieser Decl. ¶¶ 6-13. *See also Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013) ("Plaintiff has made a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and

distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement."). Accordingly, this factor weighs in favor of the Plaintiff.

The second factor similarly weighs towards Plaintiff. Malibu seeks only the true name and permanent address of John Doe, a limited set of facts that courts within this district have considered "highly specific in nature." *Malibu Media, LLC v. Doe No. 4*, 12-CV-2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012) ("Malibu's subpoena request is highly specific in nature; it seeks the name, current and permanent address, e-mail address, and Media Access Control (MAC) Address of each Doe defendant, attempting to obtain enough information to identify and serve the defendants."). The Court agrees that the Plaintiff here is not asking for more information than is necessary to identify and serve the Defendant.

Third, the Court is not aware of any other means by which the Plaintiff may seek out the Defendant's identity. Indeed, BitTorrent's appeal to potential infringers is the large degree of anonymity it provides users. *See John Wiley & Sons*, 284 F.R.D. at 190 ("[Plaintiff] has explained that use of the BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address. . . . [Plaintiff] has established that it lacks the means to obtain the subscriber's identifying information, other than by subpoena."). In this case, Plaintiff has explained that John Doe can only be reliably identified by cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs. Paige Decl. ¶¶ 13-15.

The fourth factor also cuts in the Plaintiff's direction because, in the absence of the ability to subpoena the ISP, the Plaintiff will be unable to identify and serve Defendant, effectively terminating the litigation. *See Malibu Media*, 2013 WL 3732839, at *6 (noting in a

factually similar case that the subpoenaed information sought was "necessary to advance the claim"). Moreover, courts within this Circuit have recognized that "[e]xpedited discovery is also necessary to prevent loss of the requested information as a result of routine deletion by the ISPs." *Digital Sin, Inc. v. Does 1-27*, 12-CV-3873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012).

Finally, while the Court is sensitive to the fact that Defendant's viewing of these particular copyrighted works may be a source of public embarrassment, courts in this district have nonetheless concluded that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media*, 2013 WL 3732839, at *6.

As each of these factors weighs in the favor of Plaintiff, the Court concludes that Plaintiff is entitled to serve a subpoena on Spectrum in order to ascertain the identity of John Doe. However, as is the Court's practice in these sorts of cases, the Court also concludes that there is good cause to issue a protective order in connection with this subpoena. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. at 242-43. Such a protective order is appropriate in light of the substantial risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(l). *See also Digital Sin, Inc. v. Does 1- 27*, 2012 WL 2036035, at *4.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Malibu may immediately serve a Rule 45 subpoena on Spectrum, the ISP identified in its motion, to obtain information to identify John Doe, specifically her or his true name and current and permanent address. Plaintiff is expressly **not** permitted to subpoena the ISPs for John Doe's email addresses or telephone numbers. The subpoena shall have a copy of this order attached, along with the attached "Notice to

6

Defendant."

**IT IS FURTHER ORDERED** that Spectrum will have *60 days* from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this order, and a copy of the "Notice to Defendant." *The order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.* Spectrum may serve John Doe using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that John Doe shall have *60 days* from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. **Spectrum may *not* turn over John Doe's identifying information to Malibu before the expiration of this 60-day period. Additionally, if John Doe or Spectrum files a motion to quash the subpoena, Spectrum may not turn over any information to Malibu until the issues have been addressed and the Court issues an Order instructing Spectrum to resume in turning over the requested discovery.**

**IT IS FURTHER ORDERED** that if that 60-day period lapses without John Doe or Spectrum contesting the subpoena, Spectrum shall have *10 days* to produce the information responsive to the subpoena to Plaintiff. **John Doe, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Spectrum so that it is on notice not to release any of John Doe's contact information to Plaintiff until the Court rules on any such motions.**

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that Spectrum shall confer with Malibu and shall not assess any charge in advance of providing the information requested in the subpoena. Should Spectrum elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that Malibu shall serve a copy of this Memorandum and Order along with any subpoenas issued pursuant to this order to Spectrum.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Malibu in response to a Rule 45 subpoena may be used by Malibu solely for the purpose of protecting Malibu's rights as set forth in its complaint.

SO ORDERED.

Dated: January 23, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge