UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, 　　　　　　　　　　　)　　Civil Case No. 1:18-cv-10955-AJN<br>　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>ANDREW WONG,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　　　　)<br>_____) | |

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**
**<u>AGAINST DEFENDANT ANDREW WONG</u>**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 55, and Local Rule 55.2, hereby files its Motion for Entry of Final Default Judgment ("Motion") against Defendant, Andrew Wong ("Defendant"), and in support thereof, states:

　　　　1.　　　This is a case for copyright infringement arising under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

　　　　2.　　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

　　　　3.　　　Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over defendant because (i) Defendant committed the tortious conduct in this State, (ii) Defendant resides in this State, and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

4. Indeed, Defendant resides in the State of New York at 109 Ludlow Street, Apt. 19, New York, NY. 10002.

5. On November 23, 2018, Plaintiff filed its Complaint in this action [CM/ECF 1].

6. On July 09, 2019, Plaintiff filed its Amended Complaint [CM/ECF 25]. A true and correct copy of the Operative Pleadings are attached hereto as Composite Exhibit "A".

7. Service of summons and Amended Complaint was obtained as follows:

| **Defendant** | **Date of Service, Type of Service** |
| --- | --- |
| Andrew Wong | September 25, 2019, Service via Posting |
|  | October 22, 2019, Service via Certified Mail |

8. Pursuant to New York Civil Practice Law and Rules §312-A, a Court may permit alternate service if service of process has not been successful. In this instance, the Court ordered [CM/ECF 33] alternate service by-way-of posting a summons and copy of the Amended Complaint at his last known address and sending a copy by registered or certified mail, return receipt requested, and delivery restricted to the addressee at his last known address.

9. The Affidavits of Service [CM/ECF 36, 38 and 40] detail that Defendant was served in the methods described above. True and correct copies of the Affidavits of Service are attached hereto as Composite Exhibit "B". Thus, service is appropriate.

10. Defendant has failed to plead or otherwise defend himself against Plaintiff's Amended Complaint.

11. A Clerk's Certificate of Default was issued as to Defendant Andrew Wong on December 4, 2019 [CM/ECF 44]. A true and correct copy of the Clerk's Default is attached hereto as Exhibit "C".

12. Defendant is not an infant, an incompetent person or in active military service. *See* Decl. of Kevin T. Conway, Esq.

13.     This Motion is based on the allegations in Plaintiff's Amended Complaint. Defendant has admitted all of the facts alleged therein by failing to plead or otherwise respond to the Amended Complaint.  *See, e.g., Malibu Media, LLC v. Ofiesh*, No. 1:16-CV-202 (FJS/DEP), 2017 U.S. Dist. LEXIS 93463, at *3 (N.D.N.Y. June 19, 2017); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted); *see also Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citation omitted).

14.     This Motion is further based on the facts attested to in the Declaration of Kevin T. Conway, Esq., and the record of the proceedings and papers on file herein.  These materials are sufficient to justify the requested relief.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests entry of a final judgment as a result of default in favor of Plaintiff and against Defendant, Andrew Wong, in the form of the Proposed Final Default Judgment and Permanent Injunction attached hereto, and for such other and further relief this Court deems just and proper.

Dated:  December 9, 2019                                   Respectfully submitted,


                                                        By: /s/ *Kevin T. Conway*
                                                        Kevin T. Conway, Esq. (KC-3347)
                                                        80 Red Schoolhouse Road, Suite 110
                                                        Spring Valley, New York 10977
                                                        T: 845-352-0206
                                                        F: 845-352-0481
                                                        E-mail: ktcmalibu@gmail.com
                                                        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 9, 2019, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

      I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the persons set forth in the Service List below.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.

**Service List**

Andrew Wong
109 Ludlow Street
Apt. 19
New York, NY. 10002